UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | CV 24-01658-WLH (DFM) | Date: | May 9, 2024 |
|---|---|---|---|
| Title | Eric L. Wright v. Tammy Campbell | | |

| Present: The Honorable | Douglas F. McCormick, United States Magistrate Judge |
|---|---|
| Nancy Boehme | Not Present |
| Deputy Clerk | Court Reporter |
| Attorney(s) for Petitioner(s): | Attorney(s) for Respondent(s): |
| Not Present | Not Present |

**Proceedings:** (IN CHAMBERS) Order to Show Cause

On February 26, 2024, Petitioner Eric L. Wright, a state prisoner proceeding pro se, filed a Petition for Writ of Habeas Corpus by a Person in State Custody under 28 U.S.C. § 2254. See Dkt. 1. On April 1, 2024, Petitioner filed the operative First Amended Petition. See Dkt. 5 ("FAP"). Petitioner is currently serving a sentence of 50 years to life for his murder conviction, entered by the Superior Court for the County of Los Angeles in April 2007, Case No. BA237500-02. See id. at 2. In July 2019, Petitioner filed a petition for resentencing under Cal. Penal Code § 1170.95 in the trial court. See id. at 13.[1] Petitioner appears to assert that the trial court denied the petition and that the denial was affirmed on appeal. See id.

In the instant action, Petitioner challenges the state court's denial of his petition for resentencing. The FAP purports to assert five grounds for relief. See id. at 5-7. Construing the pleadings liberally, Petitioner claims that (i) he made a prima facie showing in his petition that he was entitled to relief under § 1170.95, and the trial court therefore erred in failing to issue an

---

[1] After Petitioner's conviction, the California legislature amended the law relating to accomplice liability to murder, pursuant to Senate Bill 1437 (effective January 1, 2019). Relevant here, Senate Bill 1437 added Cal. Penal Code § 1170.95 (subsequently renumbered as § 1172.6, effective June 30, 2022), which provides a procedure for a defendant convicted of felony murder or murder under a "natural and probable consequences" theory to obtain retroactive relief. Brown v. Atchley, 76 F.4th 862, 870 (9th Cir. 2023) (citation omitted). To seek relief under § 1170.95, a petitioner must make a prima facie case that the petitioner could not be convicted of first or second degree murder due to the changes in Cal. Penal Code §§ 188 or 189. Id. (citation omitted). The sentencing court must then review the application and determine whether the petitioner "has made a prima facie case for relief"; if the petitioner makes a prima facie showing, the court "shall issue an order to show cause." See Cal. Penal Code. § 1170.95(c).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

order to show cause (Grounds One and Two); (ii) the jury instructions during trial, coupled with the prosecutor's arguments, "allowed the jury to convict [P]etitioner based on what is now a legally invalid theory" (Grounds Three and Four); and (iii) the trial court violated Petitioner's Sixth and Fourteenth Amendment rights by conducting the hearing on his petition without him personally present (Ground Five). See id. at 5-19.

Petitioner states in the FAP that "Ground 5 was not presented [to the California Supreme Court]. The claim has not been exhausted." Id. at 7. This is a problem. Under 28 U.S.C. § 2254(b), federal habeas relief may not be granted unless a petitioner has exhausted the remedies available in state court. Exhaustion requires that the petitioner's contentions be fairly presented to the state courts, see Ybarra v. McDaniel, 656 F.3d 984, 991 (9th Cir. 2011), and disposed of on the merits by the highest court of the state, see Greene v. Lambert, 288 F.3d 1081, 1086 (9th Cir. 2002). A claim has not been fairly presented unless the prisoner has described in the state-court proceedings both the operative facts and the federal legal theory on which his claim is based. See Duncan v. Henry, 513 U.S. 364, 365-66 (1995) (per curiam).

A federal court may raise a habeas petitioner's failure to exhaust state remedies sua sponte. See Stone v. City and County of San Francisco, 968 F.2d 850, 855-56 (9th Cir. 1992) (as amended). The petitioner has the burden of demonstrating he has exhausted available state remedies. See Williams v. Craven, 460 F.2d 1253, 1254 (9th Cir. 1972) (per curiam). Further, as a matter of comity, a federal court will not entertain a habeas petition unless the petitioner has exhausted the available state judicial remedies on every ground presented in it. See Rose v. Lundy, 455 U.S. 509, 518-19 (1982).

Here, it is clear from the face of the FAP that Ground Five has not been exhausted. See FAP at 7. The Court must dismiss a habeas petition that contain both exhausted and unexhausted claims. See Rose, 455 U.S. at 522. However, before the Court dismisses a mixed petition, Petitioner must "be offered leave to amend the petition to delete any unexhausted claims and to proceed on the exhausted claims." Henderson v. Johnson, 710 F.3d 872, 873 (9th Cir. 2013).

Alternatively, Petitioner may file a formal motion to stay this case and hold it in abeyance while he returns to state court to exhaust his unexhausted claim(s). In Rhines v. Weber, 544 U.S. 269, 277 (2005), the Supreme Court held that, in certain "limited circumstances," a district court may stay a mixed petition and hold it in abeyance while the petitioner returns to state court to exhaust his unexhausted claims. The prerequisites for obtaining a stay under Rhines while the petitioner exhausts his state remedies are: (1) that the petitioner show good cause for his failure to exhaust his claims first in state court; (2) that the unexhausted claims not be "plainly meritless"; and (3) that petitioner not have engaged in "abusive litigation tactics or intentional delay." 554 U.S. at 277-78. The Supreme Court has not precisely defined what constitutes "good cause" for a Rhines stay. See Blake v. Baker, 745 F.3d 977, 980-81 (9th Cir. 2014). The Ninth Circuit has found that "good cause" does not require "extraordinary circumstances." Dixon v. Baker, 847 F.3d 714, 720 (9th Cir. 2017). Rather, "good cause turns on whether the petitioner can set forth a

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

reasonable excuse, supported by sufficient evidence, to justify" the failure to exhaust. Blake, 745 F.3d at 982.[2]

Here, if Petitioner seeks to pursue habeas relief in federal court, he must either amend the FAP to delete any unexhausted claim or file a formal motion requesting a stay and abeyance while he returns to state court to exhaust his unexhausted claim(s). **IT THEREFORE IS ORDERED that within twenty-eight (28) days of the date of this Order, Petitioner shall do one of the following: (1) file additional documents to demonstrate that he has exhausted all claims asserted in the FAP; (2) file a Second Amended Petition deleting all unexhausted claim(s); (3) file a formal motion for stay-and-abeyance; or (4) request that the FAP be dismissed without prejudice under Federal Rule of Civil Procedure 41(a)(1), with the understanding that any later petition may be time barred under 28 U.S.C. § 2244(d)(1).**[3]

Petitioner is warned that his failure to timely respond to this Order will result in a recommendation that this action be dismissed without prejudice for failure to prosecute. See Fed. R. Civ. P. 41(b).

---

[2] Petitioner also may request a stay and abeyance under Kelly v. Small, 315 F.3d 1063 (9th Cir. 2003), which grants the Court discretion to permit Petitioner to withdraw his unexhausted claims and then stay the exhausted claims while he exhausts the unexhausted claims in state court. See id. at 1070-71. Under the Kelly procedure:

(1) a petitioner amends his petition to delete any unexhausted claims;

(2) the court stays and holds in abeyance the amended, fully exhausted petition, allowing petitioner the opportunity to proceed to state court to exhaust the deleted claims; and

(3) the petitioner later amends his petition and re-attaches the newly-exhausted claims to the original petition.

King v. Ryan, 564 F.3d 1133, 1135 (9th Cir. 2009). Under Kelly, Petitioner is not required to show good cause for failure to exhaust. See id. However, the newly-exhausted claims may only be re-attached to the original petition if the claims are timely or if they "relate back" to the exhausted claims. See id. at 1040-41.

[3] Separately, the Court has concerns as to whether Grounds One through Four are cognizable on federal habeas review, as they pertain solely to the state court's interpretation and application of state law. See Estelle v. McGuire, 502 U.S. 62, 67-68 (1991) ("[I]t is not the province of a federal habeas corpus court to reexamine state-court determinations on state-law questions"); Walker v. California Supreme Court, No. 22-4638, 2022 WL 11337927, at *2 (C.D. Cal. Sept. 13, 2022) (collecting cases holding that California state court's allegedly wrongful denial of a resentencing petition under Cal. Penal Code § 1170.95 does not raise an issue cognizable on federal habeas review). However, for purposes of this screening order, the Court does not reach this issue.